| STATE OF NORTH CAROLINA | File No. 18 CVS 6719 |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| Balfour Beatty Construction, LLC |
| Address |
| c/o Reid C. Adams, Jr., Womble Bond Dickinson (US) LLP |
| City, State, Zip |
| One West Fourth Street, Winston-Salem  NC  27101 |

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| FCCI Insurance Company | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| FCCI Insurance Company | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 4-2-18 | Time 2:45 ☐ AM ☒ PM |
|---|---|---|
| Reid C. Adams, Jr.<br>Womble Bond Dickinson (US) LLP<br>One West Fourth Street<br>Winston-Salem  NC  27101 | Signature Emily J. Simpson | |
| | ☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

EXHIBIT A

Case 3:18-cv-00232-GCM   Document 1-2   Filed 05/04/18   Page 1 of 16

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | | Name Of Defendant |
|---|---|---|---|---|
| | | ☐ AM | ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | | Name Of Defendant |
|---|---|---|---|---|
| | | ☐ AM | ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/16
© 2016 Administrative Office of the Courts

**FILED** 2018 APR -2 PM 2:44
MECKLENBURG COUNTY, C.S.C.
BY _____

| Name And Address Of Plaintiff 1<br>Balfour Beatty Construction, LLC<br>c/o Reid C. Adams, Jr., Womble Bond Dickinson (US) LLP<br>One West Fourth Street<br>Winston-Salem NC 27101 | **GENERAL CIVIL ACTION COVER SHEET**<br>☒ INITIAL FILING ☐ SUBSEQUENT FILING<br>Rule 5(b), General Rules of Practice For Superior and District Courts |
|---|---|
| Name And Address Of Plaintiff 2 | Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)<br>Reid C. Adams, Jr.<br>Womble Bond Dickinson (US) LLP<br>One West Fourth Street<br>Winston-Salem NC 27101 |
| **VERSUS** | |
| Name Of Defendant 1<br>FCCI Insurance Company | Telephone No. 336-721-3674 \| Cellular Telephone No.<br>NC Attorney Bar No. 9669 \| Attorney E-Mail Address Cal.Adams@wbd-us.com |
| Summons Submitted ☒ Yes ☐ No | ☒ Initial Appearance in Case ☐ Change of Address |
| Name Of Defendant 2 | Name Of Firm<br>Womble Bond Dickinson (US) LLP<br>FAX No. 336-721-3660 |
| | Counsel for ☒ All Plaintiffs ☐ All Defendants ☐ Only (list party(ies) represented) |
| Summons Submitted ☐ Yes ☐ No | |
| ☒ Jury Demanded In Pleading<br>☐ Complex Litigation | ☐ Amount in controversy does not exceed $15,000<br>☐ Stipulate to arbitration |

**TYPE OF PLEADING**

(check all that apply)
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNJF)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

(check all that apply)
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts (Over)

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☐ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | |
| ☒ Contract (CNTR) | ☐ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

Date | Signature Of Attorney/Party

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)   ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 1/14
© 2014 Administrative Office of the Courts

| | | |
|---|---|---|
| NORTH CAROLINA | ) | IN THE GENERAL COURT OF JUSTICE |
| | ) | SUPERIOR COURT DIVISION |
| MECKLENBURG COUNTY | ) | 2018 APR -2 PM 2:48 CVS 6719 |
| | ) | |
| Balfour Beatty Construction, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| FCCI Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Balfour Beatty Construction, LLC ("BBC"), by and through counsel, alleges as follows against Defendant FCCI Insurance Company ("FCCI") in support of this action for breach of an insurance contract, for statutory bad faith, for common law bad faith, and for unfair and deceptive acts and practices.

## NATURE OF THE ACTION

1. Plaintiff BBC seeks contractual damages, treble damages, punitive damages, and attorneys' fees arising out of Defendant FCCI's breach of its insurance contract.

2. This is an insurance coverage action involving Plaintiff BBC's right to defense and indemnity under an insurance policy issued by Defendant FCCI to The Linda Construction Co., Inc. ("LCC"), under which policy Plaintiff BBC is an additional insured. Defendant FCCI had been requested to fulfill its contractual promise to defend and indemnify Plaintiff BBC against a lawsuit filed by Cornell D. Thomas ("Thomas") seeking damages resulting from his alleged personal injuries on or about January 16, 2013 but refused to do so.

3. More specifically, Plaintiff BBC seeks a determination that Defendant FCCI breached its insurance contract by failing to defend and indemnify Plaintiff BBC in connection with claims brought against it in that certain lawsuit entitled <u>Cornell D. Thomas v. Balfour</u>

Beatty Construction Company, LLC and The Linda Construction Co., Inc., 14CVS2097, which was filed in Gaston County Superior Court (the "Thomas Lawsuit").

4. Plaintiff BBC also seeks a judgment against Defendant FCCI awarding:

(a) All damages Plaintiff BBC has sustained as a result of Defendant FCCI's breach of contract;

(b) Prejudgment interest accrued and accruing according to law;

(c) Treble damages;

(d) Punitive damages; and

(e) Plaintiff BBC's attorneys' fees and costs in prosecuting this coverage action.

5. Defendant FCCI failed to respond to Plaintiff BBC's tender of the Thomas Lawsuit for defense and indemnity, failed to conduct a reasonable claims investigation, failed to communicate with Plaintiff BBC, and otherwise ignored its obligations under the insurance contract. These actions were in bad faith and resulted in Defendant FCCI putting its priorities ahead of those of its insured, Plaintiff BBC. Plaintiff BBC therefore seeks treble damages and punitive damages.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff BBC is a limited liability corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business in Dallas, Texas.

7. Defendant FCCI is an insurance corporation organized and existing under the laws of the State of Florida with its principal place of business in Sarasota, Florida. At all relevant times hereto, Defendant FCCI was authorized and licensed to do business in and was doing business in the State of North Carolina.

8. This Court has personal jurisdiction over the parties.

9. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred here. Specifically, Plaintiff BBC does business in

Mecklenburg County, North Carolina; the insurance policy in dispute was issued to the named insured, LCC, in Mecklenburg County, North Carolina; the named insured, LCC, is located in Mecklenburg County, North Carolina; the insurance policy was delivered to the named insured, LCC, in Mecklenburg County, North Carolina; the risks which are insured are located in Mecklenburg County, North Carolina; and the incident which is the subject of the Thomas Lawsuit took place in Mecklenburg County, North Carolina.

## UNDERLYING ACTION

10. On or about January 16, 2013, Plaintiff BBC was the general contractor overseeing a demolition project at 8050 Microsoft Way, Charlotte, North Carolina (the "Worksite"). As part of its work at the Worksite, Plaintiff BBC hired LCC as a subcontractor for the demolition project. On January 16, 2013, Thomas was working for LCC at the Worksite. Thomas was allegedly injured on January 16, 2013 during the course of his work at the Worksite. As a result, on June 5, 2014, Thomas filed the Thomas Lawsuit against Plaintiff BBC and LCC.

11. On January 16, 2013, Plaintiff BBC was party to a Master Subcontract Agreement between Plaintiff BBC and LCC, executed on March 23, 2012 ("Master Agreement").

12. Paragraph 6 of the Master Agreement, entitled **Insurance**, required that before LCC started work at the Worksite, it would obtain a commercial general liability insurance policy naming Plaintiff BBC as an additional insured, which LCC did. This policy of general liability insurance is described in greater detail below.

13. Thereafter, on or about January 9, 2013, a Master Subcontract Agreement Work Order ("Work Order") was executed between the Linda Construction Co., Inc. and Plaintiff BBC with regard to the demolition work to be performed at the Worksite. The Work Order spelled out the demolition work which was to be performed by LCC at the Worksite and incorporated by

3

Case 3:18-cv-00232-GCM    Document 1-2    Filed 05/04/18    Page 7 of 16

reference the Master Agreement. More specifically, the Work Order provided that the work would be performed pursuant to the Work Order and in accordance with the terms of the Work Order, the Master Agreement, and the contract between BBC and the project owner.

14.     Upon being served with a copy of the summons and complaint in the Thomas Lawsuit, Plaintiff BBC tendered the lawsuit to LCC pursuant to a letter dated July 17, 2014, specifically demanding that LCC defend, indemnify and hold harmless BBC from and against the Thomas Lawsuit pursuant to the indemnity provisions of the Master Agreement. In a letter dated July 25, 2014 from attorney Peter Juran, LCC denied any duty to defend or indemnify Plaintiff BBC against the Thomas Lawsuit.

15.     On June 13, 2016, Plaintiff BBC notified Defendant FCCI that it had been named as a defendant in the Thomas Lawsuit. Plaintiff BBC also demanded that Defendant FCCI defend and indemnify it against the Thomas Lawsuit. Defendant FCCI never responded to the June 13, 2016 letter and Defendant FCCI never advised Plaintiff BBC whether or not it believed it had a duty to defend or indemnify Plaintiff BBC against the Thomas Lawsuit.

16.     Plaintiff BBC settled the Thomas Lawsuit on February 20, 2017, as a result of which it paid $162,500 to Cornell D. Thomas.

17.     In addition to the settlement payment referenced above, Plaintiff BBC has incurred expenses investigating and defending itself against the Thomas Lawsuit in the amount of approximately $469,120.44. Plaintiff BBC contends that these expenses are covered in full by the FCCI Policy issued to LCC.

18.     Defendant FCCI has denied that it had a duty to defend and/or indemnify Plaintiff BBC for the Thomas Lawsuit. Accordingly there is an actual and justiciable controversy

between Plaintiff BBC and Defendant FCCI as to the availability of insurance coverage with regard to the Thomas Lawsuit.

## THE FCCI POLICY

19. Defendant FCCI issued to LCC a commercial general liability policy, Policy No. CPP0014661, with a policy period from August 1, 2012 to August 1, 2013.

20. The above-referenced insurance policy is hereinafter referred to as the "FCCI Policy."

21. The FCCI policy covered LCC and Plaintiff BBC for the claims asserted in the Thomas Lawsuit. Plaintiff BBC was an Additional Insured under the FCCI Policy.

22. LCC and Plaintiff BBC fully complied with all the terms and conditions of the FCCI Policy, and are entitled to the full benefits of the FCCI Policy.

23. All premiums have been paid under the FCCI Policy.

24. None of the exclusions of the FCCI Policy apply to the Thomas Lawsuit.

25. As an Additional Insured under the FCCI Policy, Plaintiff BBC is entitled to defense and indemnity by Defendant FCCI.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

26. Plaintiff BBC incorporates paragraphs 1 through 26 above by reference as if fully set forth herein.

27. Plaintiff BBC timely tendered the Thomas Lawsuit to Defendant FCCI, and has otherwise fully complied with its obligations under the FCCI Policy.

28. Under the terms of the FCCI Policy, Defendant FCCI had a contractual duty to investigate and defend the Thomas Lawsuit or otherwise reimburse Plaintiff BBC for the

5

expenses that Plaintiff BBC incurred investigating, timely defending and settling the Thomas Lawsuit.

29. Defendant FCCI breached the terms of the FCCI Policy by failing to defend and indemnify Plaintiff BBC in connection with the Thomas Lawsuit. In doing so, and in failing to respond to the notice of the Thomas Lawsuit against Plaintiff BBC provided to Defendant FCCI in Plaintiff BBC's letter of June 13, 2016, Defendant FCCI has waived any and all coverage defenses, exclusions, and conditions precedent or otherwise to coverage.

30. As a direct and proximate result of Defendant FCCI's breach of contract, Plaintiff BBC has suffered damages in connection with the amounts Plaintiff BBC has paid or has incurred for investigation, attorneys' fees, costs, and settlement.

## SECOND CLAIM FOR RELIEF
(Statutory Bad Faith – N.C.G.S. § 58-63-15(11); N.C.G.S. § 75-1.1, et seq.)

31. The allegations contained in paragraphs 1 through 31 above are incorporated by reference as if fully set forth herein.

32. At all relevant times, Defendant FCCI has been engaged in the business of insurance in the State of North Carolina. This business of insurance, and all conduct complained of, was in or affecting commerce.

33. Plaintiff BBC put Defendant FCCI on notice of the Thomas Lawsuit and requested a defense and indemnification from the claims asserted by Mr. Thomas in the Thomas Lawsuit.

34. There is a duty of good faith and fair dealing applied in every insurance policy.

35. Defendant FCCI never responded to the notice of the Thomas Lawsuit against Plaintiff BBC it received in the demand letter which Plaintiff sent to Defendant FCCI on June 13, 2016.

6

36. Defendant FCCI never conducted an investigation into the claims asserted in the Thomas Lawsuit.

37. Shortly before a second mediation in the Thomas Lawsuit (specifically to address BBC's claims against LCC) that occurred on February, 17, 2017, LCC and its carrier Defendant FCCI through counsel advised Plaintiff BBC that it was looking into Plaintiff BBC's tender of the defense of the Thomas Lawsuit to LCC pursuant to the Master Agreement. Specifically, Defendant FCCI purported to have found a defect in Plaintiff BBC's contention that the terms of the Master Agreement were incorporated into the Work Order. Defendant FCCI pointed out that the Work Order does not incorporate the Master Agreement dated March of 2012 but references a master agreement executed on December 3, 2012. While this was clearly a typographical error, if the tender to LCC was a condition of Defendant FCCI's duty to defend and indemnify Plaintiff BBC, which is denied, Defendant FCCI's position that the tender to LCC was defective is totally unfounded and frivolous. However, whether or not the tender to LCC was defective is irrelevant to insurance coverage. There is nothing in the Master Agreement or the FCCI Policy which makes a proper tender to LCC a condition of Defendant FCCI's duty to defend and indemnify Plaintiff BBC as an additional insured.

38. Further, North Carolina statutes expressly outline the types of acceptable and unacceptable conduct insurers are allowed to engage in while transacting the business of insurance and claims management in North Carolina.

39. Pursuant to N.C.G.S. § 58-63-15(11), Defendant FCCI is liable for unfair claim settlement practices because it:

- Misrepresented pertinent facts or insurance policy provisions relating to the coverage at issue;

7

- Failed to acknowledge and act reasonably promptly upon communications from Plaintiff BBC with respect to the Thomas Lawsuit;

- Failed to affirm or deny coverage of the Thomas Lawsuit within a reasonable time of receiving the notice of the Thomas Lawsuit;

- Failed to promptly provide any explanation of the basis in the FCCI Policy in relation to facts applicable for its refusal to defend or indemnify Plaintiff BBC.

40. As a result of the foregoing, Plaintiff BBC has had to retain defense counsel to represent it in the Thomas Lawsuit and has had to retain insurance coverage counsel to bring this coverage action. Plaintiff BBC has incurred legal expenses to pay for these attorneys, which would have been entirely unnecessary had Defendant FCCI acted as the law requires. Such acts and omissions by Defendant FCCI are violations of N.C.G.S. § 58-63-15(11) including but not limited to (a), (b), (c), (d), and (e), as well as violations of N.C.G.S. § 75-1.1.

41. As a direct, foreseeable and proximate result of these unfair and deceptive acts and practices, Plaintiff BBC has suffered damages in excess of $25,000, including attorneys' fees expended to defend the underlying Thomas Lawsuit and to file and litigate this coverage action.

42. Defendant FCCI is liable for three times the aforesaid damages, after the Court trebles such damages pursuant to N.C.G.S. § 75-16.

### THIRD CLAIM FOR RELIEF
### (Bad Faith)

43. The allegations contained in paragraphs 1 through 43 above are incorporated by reference as if fully set forth herein.

44. Defendant FCCI was paid insurance premiums pursuant to the insurance contract which obligated FCCI to defend and indemnify Plaintiff BBC against the Thomas Lawsuit.

45. Inherent in all contracts in North Carolina is a duty of good faith and fair dealing.

46. Defendant FCCI has wrongfully failed to defend and indemnify Plaintiff BBC for the claims alleged against it in the Thomas Lawsuit.

47. As explained above, this failure to defend or indemnify was a breach of contract in bad faith. Defendant FCCI failed to investigate the facts indicating coverage and failed to defend without a factual basis.

48. Defendant FCCI failed to consult or communicate with Plaintiff BBC regarding this matter even after receiving notice of the Thomas Lawsuit against Plaintiff BBC by receipt of the June 13, 2016 letter from Plaintiff BBC.

49. Had Defendant FCCI conducted a claims investigation, it would recognize that the law required it to defend and indemnify Plaintiff BBC.

50. Defendant FCCI's failure to defend and indemnify BBC was not a result of an honest disagreement or an honest mistake. Defendant FCCI failed to investigate the claim and failed to uphold its duties to defend and indemnify Plaintiff BBC.

51. As explained above, this breach of the insurance contract was accompanied by a number of statutory violations committed by Defendant FCCI. By accepting premiums for the FCCI policy and then failing to adhere to the requirements of the statute, Defendant FCCI acted in bad faith. These breaches are compounded by Defendant FCCI's failure to investigate the claim or to communicate with Plaintiff BBC as to whether or not it was going to defend and indemnify it against the Thomas Lawsuit.

52. The aggravating conduct described herein is either fraud, malice, gross negligence, insult, rudeness, oppression or a wanton and willful disregard for the rights of Plaintiff BBC's as an additional insured under the FCCI policy (so suitably akin to these express

aggravating conduct). A North Carolina court would recognize this conduct as giving rise to a cause of action for bad faith breach of an insurance contract.

53. As a direct, foreseeable, and proximate result of the aforesaid conduct by Defendant FCCI, Plaintiff BBC has sustained damages in excess of $25,000.

## FOURTH CLAIM FOR RELIEF
(Punitive Damage)

54. The allegations contained in paragraphs 1 through 54 above are incorporated by reference as is fully set forth herein.

55. The bad faith of the Defendant FCCI was wrong, egregious, willful and wanton, and in conscious and intentional disregard or with indifference to the rights of the Plaintiff BBC.

56. Defendant FCCI knew, or should have known, that its actions would have harmed Plaintiff BBC.

57. Defendant FCCI could have chosen to respond to the notice it received of the Thomas Lawsuit against Plaintiff BBC in the June 13, 2016 demand letter from Plaintiff BBC, and investigated this matter. Instead, Defendant FCCI chose to do nothing. By choosing to do nothing, Defendant FCCI exposed Plaintiff BBC to the uncertainty of defending the Thomas Lawsuit without the legal defense and indemnity obligations that were bargained for in the FCCI policy and the Master Agreement.

58. On information and belief, officers, directors, or managers of Defendant FCCI participated in or condoned the failure to defend and indemnify Plaintiff BBC against the Thomas Lawsuit, and either knew or should have known, of the magnitude of the claims presented against Plaintiff BBC.

59. As a result, pursuant to North Carolina General Statute Section 1D to Section 1D-50, Plaintiff BBC seeks punitive damages as allowed by law.

WHEREFORE, Plaintiff BBC prays the court as follows:

1. The Plaintiff BBC have and recover against Defendant FCCI for damages in an amount to be proved at trial, including compensatory damages, incidental damages, and consequential damages as a result of breach of contract;

2. That Defendant FCCI's conduct be declared by the court to be in violation of N.C.G.S. § 75-1.1 and that the actual damages as a result of the unfair and deceptive acts and practice be trebled pursuant to N.C.G.S. § 75.16;

3. That Plaintiff BBC have and recover punitive damages from Defendant FCCI in the maximum amount allowed by law;

4. That Plaintiff BBC have and recover from Defendant FCCI interest at the maximum allowable rates;

5. That the costs of this action, including reasonable attorneys' fees, be taxed against Defendant FCCI pursuant to N.C.G.S. § 75-16.1 and any other statute or power of the court;

6. That all matters of fact be tried by a jury; and

7. That the court grant to the Plaintiff such other and further relief that it deems just and proper.

Respectfully submitted, this the 30th day of March, 2018.

Reid C. Adams by Patrick [signature] NC Bar No. 49532
Reid C. Adams, Jr. (N.C. Bar No. 9669)
Jonathan R. Reich (N.C. Bar No. 41546)
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Phone: (336) 721-3600
Fax: (336) 721-3660

11

Email: Cal.Adams@wbd-us.com
Email: Jonathan.Reich@wbd-us.com
*Counsel for the Plaintiff*

12